# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CALVIN EARL SUGGS, JR.,**

    **Plaintiff,**

vs.                                    Case No. 4:18cv413-WS/CAS

**MOORE HAVEN CORRECTIONAL
FACILITY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Mr. Suggs has attempted to initiate a case in this Court challenging the conditions of confinement at Moore Haven Correctional Facility. ECF No. 1. Plaintiff's complaint is not on the proper complaint form, and Plaintiff did not pay the filing fee for this case or submit an in forma pauperis motion. Nevertheless, it appears that both Plaintiff and any Defendants which may properly be named in this case are located in Moore Haven, Florida. Judicial notice is taken that Moore Haven is located within the Middle District of Florida and is not within the territorial jurisdiction of this Court. Thus, Plaintiff's complaint has been filed in the

wrong district and venue is not appropriate here because none of the Defendants reside within the Northern District of Florida and none of the events giving rise to the claim occurred here. 28 U.S.C. § 1391(b). The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Fort Myers Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case rather than dismissing it. There is no need for a hearing prior to directing transfer. Should Mr. Suggs object to this recommendation, he must file objections as explained below in the Notice.

Case No. 4:18cv413-WS/CAS

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings, including a determination of whether Plaintiff should be required to pay the filing fee for this case.

**IN CHAMBERS** at Tallahassee, Florida, on October 30, 2018.

   s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv413-WS/CAS